Katharine Chao (CA State Bar No. 247571)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert St., Ste. 201
San Francisco, CA 94133
Tel. 415-484-0980
Email: kathy@osclegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY HOUSTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOSTER DAIRY FARMS, a California corporation, and CRYSTAL CREAMERY, INC., a California corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.   Plaintiff Larry Houston ("Plaintiff" or "Mr. Houston") brings this action against Defendants for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the California Fair Employment and

Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, *et seq*. Despite Plaintiff's superior qualifications and experience, Defendants' adverse treatment of Plaintiff because he is an older African-American employee resulted in Defendants' discriminatory refusal to promote Plaintiff to the Director of Transportation position.

**PARTIES**

2. Plaintiff is a citizen of the State of California. Plaintiff is an African-American man who was more than 40 years of age at all relevant times. At all relevant times, Plaintiff was employed by and performed work for Defendants as a Depot Branch Manager in Hayward, California, the County of Alameda.

3. Defendant Foster Dairy Farms ("Foster Farms") is a for-profit California corporation with its principal place of business in Modesto, California, the County of Stanislaus. Foster Farms is engaged in the business of producing and distributing food dairy products.

4. Defendant Crystal Creamery, Inc. ("Crystal Creamery") is a for-profit California Corporation with its principal place of business in Modesto, California, the County of Stanislaus. Crystal Creamery is engaged in the business of producing and distributing food dairy products.

5. Foster Farms and Crystal Creamery are collectively referred to herein as "Defendants."

6. Defendants, and each of them, were employers within the meaning of Title VII, the ADEA, and the FEHA.

## JURISDICTION AND VENUE

7. This Complaint seeks damages for violations of the civil rights, privileges, and immunities guaranteed by Title VII, the ADEA, as well as California state law.

8. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as these claims arise out of the same case or controversy.

9. Plaintiff's claims arose in the County of Alameda, California. Venue therefore lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2). Pursuant to Civil Local Rule 3-2(d), this action shall be assigned to the San Francisco Division or the Oakland Division.

## FACTUAL ALLEGATIONS

10. In or around November 2008, Plaintiff began working in Defendants' transportation department as a Depot Branch Manager in Hayward, California.

11. Plaintiff is informed and believes, and thereupon alleges, that in the over half century Defendants have been in business, no African-American has ever held the Director of Transportation role. Plaintiff is further informed and believes, and thereupon alleges, that he is only one of two African-Americans ever hired into a manager role in Defendants' history.

12. As a Depot Branch Manager, Plaintiff reports to the Director of Transportation. During the entirety of Plaintiff's employment, the Director of Transportation position has been held by a Caucasian man, most of whom Plaintiff is informed and believes, and thereon alleges, were younger than Plaintiff.

13. At all relevant times, Plaintiff has performed the duties of the Depot Branch

Manager in Hayward satisfactorily.

14. Throughout his employment with Defendants, Plaintiff has received positive performance reviews.

15. Over the years, whenever the Director of Transportation position became open, Defendants have repeatedly failed to promote Plaintiff to Director of Transportation in favor of less qualified Caucasian candidates and younger candidates. Defendants also failed to post the position so that interested employees such as Plaintiff could apply.

16. For example, in or around 2012, a younger Caucasian employee, Colby Bell, was promoted to the position of Director of Transportation without the position being posted. Plaintiff is informed and believes, and based thereon alleges, that company policy at the time required Defendants to post the open position.

17. Mr. Bell lasted in the Director of Transportation position until around March 2014.

18. In or around April 2014, Plaintiff learned that Defendants had promoted Doug Peterson, a younger Caucasian man, into the position of Director of Transportation (to replace Colby Bell). Defendants did not post the job before promoting Mr. Peterson. Plaintiff is informed and believes, and based thereon alleges, that company policy at the time required Defendants to post the open position.

19. Shortly after Mr. Peterson was promoted to Director of Transportation in or around April 2014, Plaintiff contacted Defendants' human resources department to inquire about why the job had not been posted so Plaintiff could have applied and been considered. Plaintiff never received a satisfactory answer.

20. On or around May 23, 2017, Plaintiff filed a charge of discrimination with the

Equal Employment Opportunity Commission ("EEOC"), charge no. 555-2017-00504, against Defendants alleging that Defendants were discriminating against Plaintiff on account of his race and age. Plaintiff alleged in his EEOC charge no. 555-2017-00504 that "[o]n or about February 7, 2017, Doug Petersen, Director of Transportation, subjected me to disparate treatment and terms of conditions of employment when it [sic] allowed another white, younger Manager to delegate Purchase Orders to his staff but I was not afforded the same opportunity. On or about February 8, 2017, I sent an email to Mr. Petersen, inquiring about this delegation and being held to a different standard but not equally. I also spoke to my HR Manager, but as of today, I have not heard from HR."

21. In a letter to Plaintiff dated July 14, 2017, the EEOC acknowledged receipt of Plaintiff's charge no. 555-2017-00504, which was dual-filed with the California Department of Fair Employment and Housing ("DFEH"). Plaintiff is informed and believes, and thereupon alleges, that the EEOC furnished a copy of Plaintiff's charge no. 555-2017-00504 to Defendants sometime in the summer of 2017.

22. In or around November 2017, and while his EEOC charge no. 555-2017-00504 was still pending at the EEOC, Plaintiff became aware through word of mouth that the position of Director of Transportation was open, and that Defendants had recently interviewed three younger, Caucasian employees for the position. Defendants had not posted the job listing before interviewing for the position. Plaintiff is informed and believes, and based thereon alleges, that company policy at the time required Defendants to post the open position.

23. Shortly after Plaintiff learned that the position was open and that Defendants were already considering individuals for the position, Plaintiff contacted human resources to ask about the position. The human resources representative informed Plaintiff that she was not sure

Defendant actually intended to fill the position. Shortly thereafter, Plaintiff asked Defendants' then-Chief Executive Officer, Frank Otis, if Plaintiff could be considered for the position. A few days later, Plaintiff interviewed for the position. At the time Plaintiff interviewed for the position, he was approximately 61 years of age.

24. In December 2017, Plaintiff was informed that a younger, Caucasian employee, Richard Hunter, had been selected for the Director of Transportation position. Mr. Hunter was less qualified than Plaintiff for the position.

25. After Plaintiff became aware that Mr. Hunter had been selected, Plaintiff submitted an intake questionnaire, on or around December 27, 2017, to the EEOC alleging that Defendants had discriminatorily refused to promote Plaintiff to the Director of Transportation position on account of his race and age, in favor of Mr. Hunter.

26. On or around February 9, 2018, the EEOC mailed to Plaintiff a Dismissal and Notice of Rights regarding Plaintiff's EEOC charge no. 555-2017-00504, wherein the EEOC stated that it was closing its file.

27. On or around April 6, 2018, Plaintiff signed and submitted to the EEOC his charge no. 556-2018-00208, alleging that Defendants' refusal to promote him to Director of Transportation in or around December 2017, in favor of Mr. Hunter, constituted employment discrimination on the basis of race and age. Plaintiff's EEOC charge no. 556-2018-00208 was dual-filed with the DFEH.

28. Mr. Hunter only lasted in the Director of Transportation position about 8 months.

29. On or around March 18, 2019, Plaintiff filed an amendment to his EEOC charge no. 556-2018-00208 to add the allegation that the refusal to promote Plaintiff in or around December 2017 constituted unlawful retaliation in response to Plaintiff having previously

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND JURY DEMAND

complained about Defendants' discriminatory treatment to the EEOC.

30. Plaintiff is informed and believes, and based thereon alleges, that there is not now, nor has there ever been, a Director of Transportation working for Defendants who is African-American. Plaintiff is further informed and believes, and based thereon alleges, that Defendants have never promoted an African-American employee to a Director role from within the company.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

31. On or around April 6, 2018, Plaintiff filed charge no. 556-2018-00208 with the EEOC alleging that the conduct above violated Title VII and the ADEA. On or around March 18, 2019, Plaintiff filed an amendment to Charge No. 556-2018-00208 to add retaliation allegations. Plaintiff's EEOC charge no. 556-2018-00208 was dual-filed with the DFEH. On or around June 18, 2018, while the EEOC was investigating Plaintiff's charge, the DFEH issued an immediate right-to-sue letter on Plaintiff's FEHA claims, said letter stating that Plaintiff's FEHA claims would be tolled during the pendency of the EEOC's investigation.

32. On or around August 25, 2020, the EEOC ceased its investigation of Plaintiff's charge and issued Plaintiff a Notice of Right to Sue, which Plaintiff received on or around August 31, 2020. Plaintiff timely brought this action thereafter.

**FIRST CAUSE OF ACTION**
**(By Plaintiff Against Defendants)**
**Race Discrimination In Violation Of Title VII**

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, prohibits employers from discriminating against employees on the basis of race.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND JURY DEMAND

35. As set forth herein, Defendants refused to promote Plaintiff, despite Plaintiff's superior qualifications, to the position of Director of Transportation in favor of less qualified Caucasian candidates.

36. Defendants violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff with respect to compensation, terms, conditions privileges of employment because of his race.

37. Defendants' actions and omissions have caused Plaintiff severe injury including economic damages and serious physical and emotional distress.

38. The conduct of Defendants, through their agents and employees, was malicious, fraudulent, and oppressive and/or done with the knowledge that the company was acting in violation of law, and/or with a willful and conscious disregard for Plaintiff's rights and the deleterious consequences of Defendants' actions. As a result, Defendant's actions justify an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

39. For this cause of action, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs pursuant to 42 U.S.C. § 2000e–5(k).

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(By Plaintiff Against Defendants)**
**Title VII Retaliation**

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), prohibits employers from retaliating against employees for engaging in the protected activity of filing an

employment discrimination complaint.

42. As set forth herein, Defendants retaliated against Plaintiff for engaging in protected activity, including filing complaints with the EEOC concerning employment discrimination based on race and age.

43. The protected activity was a substantial motivating factor in the retaliatory action.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer emotional and psychological injuries, and loss of earnings and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

45. The conduct of Defendants, through their agents and employees, was malicious, fraudulent, and oppressive and/or done with the knowledge that the company was acting in violation of law, and/or with a willful and conscious disregard for Plaintiff's rights and the deleterious consequences of Defendants' actions. As a result, Defendant's actions justify an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

46. For this cause of action, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs pursuant to 42 U.S.C. § 2000e–5(k).

WHEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(By Plaintiff Against Defendants)**
**Age Discrimination In Violation of The ADEA**

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. The ADEA makes it unlawful for employers and their agents "to fail or refuse to

hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

49.     At all relevant times, Defendants have been, and continue to be, employers within the meaning of the ADEA, 29 U.S.C. § 630(b).  At all relevant times, Defendants have been engaged in interstate commerce within the meaning of the ADEA and has employed, and continues to employ, twenty or more employees.

50.     Plaintiff was approximately 61 years of age in 2017 when Defendants selected a younger, Caucasian candidate, Mr. Hunter, over Plaintiff for the Director of Transportation position despite Plaintiff's superior qualifications.

51.     Plaintiff was qualified for the position of Director of Transportation.

52.     As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of the wages and other benefits and lost interest on those wages and other benefits.

53.     Defendants' violations of the ADEA were intentional and willful.  Accordingly, Plaintiff is entitled to an award of liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of Defendants' discriminating against him on the basis of his age.  29 U.S.C. § 216(b).

54.     For this cause of action, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(By Plaintiff Against Defendants)**
**ADEA Retaliation**

55.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. Defendants committed unlawful employment practices when they discriminated against Plaintiff for his efforts to oppose age discrimination prohibited by the ADEA, in violation of the ADEA, 29 U.S.C. § 623(d).

57. Defendants' violation of the ADEA was willful and Plaintiff seeks liquidated damages for each violation. 29 U.S.C. § 216(b).

58. Defendants' violations of the ADEA were intentional and willful. Accordingly, Plaintiff is entitled to an award of liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of Defendants' discriminating against him on the basis of his age. 29 U.S.C. § 216(b).

59. For this cause of action, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(By Plaintiff Against Defendants)**
**Race Discrimination In Violation Of The FEHA**

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. At all times herein mentioned, the FEHA was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section 12940(a), prohibiting discrimination in employment based on race or color. Each of the Defendants was at all relevant times an "employer" within the meaning of the FEHA, Cal. Gov't Code § 12926(d).

62. Defendants' refusal to promote Plaintiff to the position of Director of Transportation in favor of Caucasian candidates constitutes discrimination based on race and is

a violation of Cal. Gov't Code § 12940(a).

63. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

64. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

65. Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard for the rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

66. For this cause of action, Plaintiff is entitled to reasonable attorney's fees, costs, and expert fees pursuant to California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

**SIXTH CAUSE OF ACTION**
**(By Plaintiff Against Defendants)**
**Age Discrimination In Violation Of The FEHA**

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. The FEHA, in California Government Code Section 12940(a), prohibits any employer from discharging a person from employment, or discriminating against a person in compensation or in terms, conditions, or privileges of employment, because of that person's age.

69. Plaintiff's age was a substantial motivating factor in Defendants' decision not to

promote Plaintiff into the Director of Transportation position in favor of younger candidates. This violates the FEHA.

70. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses.

71. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

72. Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard for the rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

73. For this cause of action, Plaintiff is entitled to reasonable attorney's fees, costs, and expert fees pursuant to California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

**SEVENTH CAUSE OF ACTION**
**(By Plaintiff Against Defendants)**
**FEHA Retaliation**

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Pursuant to Cal. Gov't Code § 12940(h), it is an unlawful employment practice for an employer to discriminate against any person because the person has opposed any practices forbidden under the FEHA.

76. Plaintiff complained to the EEOC about the workplace discrimination he

experienced on account of his race and age as an employee of Defendants. At all relevant times, Defendants were aware that Plaintiff had complained to the EEOC. In retaliation for his complaints about discrimination, Defendants denied Plaintiff promotion to the Director of Transportation position.

77. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer losses in earnings and other employment benefits and has incurred other economic losses.

78. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

79. Defendants committed the action herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

80. In connection with this cause of action, Plaintiff is entitled to reasonable attorney's fees, costs, and expert fees pursuant to California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

**EIGHTH CAUSE OF ACTION**
**(By Plaintiff Against Defendants)**
**Failure to Prevent Discrimination And Retaliation In Violation Of The FEHA**

81. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82. Pursuant to California Government Code section 12940(k), it is an unlawful

employment practice for an employer to fail to take all reasonable steps to prevent workplace discrimination and retaliation from occurring.

83. On information and belief, Defendants did not take all reasonable steps to prevent discrimination and retaliation from occurring. On information and belief, at all relevant times, Defendants did not have appropriate policies, procedures, practices, guidelines, rules, and/or trainings regarding the prevention of race and age discrimination and retaliation in the workplace. Defendants' conduct as alleged herein constitutes a violation of Section 12940(k).

84. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer losses in earnings and other employment benefits and has incurred other economic losses.

85. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

86. Defendants committed the action herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

87. In connection with this cause of action, Plaintiff is entitled to reasonable attorney's fees, costs, and expert fees pursuant to California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants awarding Plaintiff the

following forms of relief:

    a) An award of all general and special damages that are established at trial;

    b) An award of back pay and front pay for his lost wages and benefits;

    c) Instatement of Plaintiff to the Director of Transportation position;

    d) An award of compensatory damages for emotional harm, and/or physical injury;

    e) An award of punitive damages for Defendants' malicious and/or recklessly indifferent violation of his civil rights;

    f) An award of actual and reasonable attorneys' fees, expert fees, and litigation expenses as provided by law, including 42 U.S.C. § 2000e–5(k), Cal. Gov't Code § 12965(b);

    g) Pre-judgment interest on all amounts awarded as allowed by law;

    h) Post judgment interest;

    i) A supplemental award to cover any adverse tax consequences of the judgment;

    j) An award and entry of injunctive relief prohibiting Defendants, and each of them, from engaging in discriminatory employment practices and requiring Defendants to undertake training and other efforts to eradicate unlawful discrimination in the workplace; and

    k) Such other equitable, legal, or additional relief as may be appropriate and just.

OLIVIER SCHREIBER & CHAO LLP

Dated: November 25, 2020

By:     */s/ Katharine Chao*
          Katharine Chao

Attorneys for Plaintiff LARRY HOUSTON

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial on all claims so triable.

OLIVIER SCHREIBER & CHAO LLP

Dated: November 25, 2020    By: _/s/ Katharine Chao_
                                Katharine Chao

Attorneys for Plaintiff LARRY HOUSTON